UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHNNY RAY CHANDLER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-1907 (BAH) |
| U.S. PAROLE COMMISSION, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

On June 16, 2016, the plaintiff filed a complaint in the Superior Court of the District of Columbia against the United States Parole Commission (the "Parole Commission") and its Chair alleging a violation of his constitutional right to due process for their failure to give him a copy of "an Action Sheet . . . stating the decision of the [Parole] Commission" following a hearing on or about June 5, 2015. Compl., ECF No. 1-1, at 2. He demanded damages of $175,000 and his immediate release from custody. *See id*. The defendants removed this action on September 26, 2016, and filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 10, on November 14, 2016.

On November 15, 2016, the Court issued an Order advising the plaintiff of his obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Specifically, the Court notified the plaintiff that, if he failed to file an opposition or other response to the defendants' motion by December 14, 2016, the Court would treat the pending dispositive motion as conceded. *See* D.D.C. Local Civil Rule 7(b) (permitting court to "treat . . .

as conceded" a motion not met with a timely opposing memorandum of points and authorities). To date, the plaintiff has not filed an opposition to the pending motion, or requested more time to file an opposition, or advised the Court of any change of address.

Under these circumstances, the Court ordinarily would grant the defendants' motion as conceded. The United States Court of Appeals for the District of Columbia Circuit has recently raised concerns, however, about the use of Local Civil Rule 7(b) to grant an unopposed motion to dismiss, *see Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 482 (D.C. Cir. 2016), and an unopposed motion for summary judgment, *see Winston & Strawn, LLP v. McLean*, No. 14-7197, __ F.3d __, __, 2016 WL 7174125, at *3 (D.C. Cir. Dec. 9, 2016). Despite acknowledging the value of Local Civil Rule 7(b) as an important "docket-management tool that facilitates efficient and effective resolution of motions," *Cohen*, 819 F.3d at 480 (quoting *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (additional citation omitted)), the rule "stands in tension with . . . Rule 12(b)(6)," *id*. at 481, and "cannot be squared with . . . Rule 56," *Winston & Strawn*, 2016 WL 7174125, at *3. In light of the D.C. Circuit's recent rulings, the Court briefly addresses the merits of the defendants' arguments challenging the plaintiff's claim.

At the outset, the plaintiff alleges that he had a parole hearing in June 2015, where he "was seen by an [Parole Commission] employee," who said the plaintiff would receive an Action Sheet…stating the decision of the Commission … within six (6) weeks." Compl. at 1-2, ECF No. 1-1 at 5-6. Nevertheless, the plaintiff states that he has received no Action Sheet "or any form of communication from the U.S. Parole Commission," in the twelve intervening months. *Id*. at 2. Contrary to the plaintiff's allegation, the declarant for the Parole Commission attests, under penalty of perjury, that the plaintiff received "a statutory interim hearing" on July 20, 2015, and

that the decisions, dated August 17, 2015 and July 18, 2016, resulting from the hearing were sent to the same Bureau of Prisons ("BOP") facility where the hearing was held. Defs.' Mot., Ex. 1, Decl. of Paula Biderman ("Biderman Decl.") ¶¶ 6-8.

Putting aside whether a factual basis for the plaintiff's claim exists, the defendants argue that, "[i]nsofar as [the plaintiff] has sought damages for the alleged abuse of process occasioned by delay in issuance of his parole decision, his [tort] claims must be dismissed." Mem. of P. & A. in Support of Defs.' Mot. to Dismiss or, in the Alternative, for Summ. J., ECF No. 10 ("Defs.' Mem.") at 6. The Court concurs. The plaintiff must proceed against the United States under the Federal Tort Claims Act, pursuant to which he was to present his claims to the Commission prior to filing this lawsuit.[1] *See* 28 U.S.C. § 2675(a). The complaint does not allege that the plaintiff had exhausted his claims prior to filing his complaint in the Superior Court. His failure to submit his claims to the Commission, *see* Biderman Decl. ¶¶ 4-5, deprives this Court of jurisdiction, *see McNeil v. United States*, 508 U.S. 106 (1993).

The plaintiff's demand for his release from custody sounds in habeas. *See generally Preiser v. Rodriguez*, 411 U.S. 475 (1973). The proper respondent in a habeas corpus action is the plaintiff's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and a "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). The plaintiff currently is incarcerated at the Federal Medical Center in Springfield, Missouri. *See* Defs.' Mem. at 1. Because the plaintiff neither names his custodian

---

[1] The United States of America is the only proper defendant in a suit under the FTCA. *See, e.g., Hall v. Admin. Office of U.S. Courts*, 496 F. Supp. 2d 203, 206 (D.D.C. 2007). Even though this *pro se* plaintiff has not named the United States as a party, the Court overlooks this pleading defect and instead treats the plaintiff's claims as if they had been brought against the United States directly. *See, e.g., Hui v. Castaneda*, 559 U.S. 799, 810 (2010).

as a party in this action nor demonstrates that the custodian is found in this district, the habeas claim will be dismissed.

For these reasons, the Court grants the defendants' motion. An Order is issued separately.

DATE: January 10, 2017            /s/ *Beryl A. Howell*
                                  BERYL A. HOWELL
                                  Chief Judge